UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN LYNN REID,<br><br>    Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>    Defendant. | No. 1:20-cv-00732-GSA<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR EAJA ATTORNEY'S FEES IN PART**<br><br>**(Doc. 27)** |

### I.     Introduction and Procedural Background

On May 26, 2020 Plaintiff Karen Lynn Reid ("Plaintiff") sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for social security benefits.  Doc. 1.  Pursuant to the parties' stipulation for voluntary remand, on May 10, 2021 the Court issued an order remanding the matter to the agency under sentence four of 42 U.S.C. 405(g) for further proceedings.  Doc. 24.  Judgment was entered the same day.  Doc. 25.

On August 3, 2021 Plaintiff moved for an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  Doc. 27.  In support of the request for $3,323.53 in fees and $17.25 in costs, Plaintiff's counsel filed a declaration containing billing and time records.  Doc. 27-2.

### II.     Discussion

#### A.     Substantial Justification

##### 1.     Legal Standard

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other

1

expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

A plaintiff appealing a denial of Social Security benefits need not be awarded benefits to be considered a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). A plaintiff who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is also considered a prevailing party under the EAJA. *Id.* A prevailing party is entitled to a fee award when the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). While the prevailing party must only allege that the position of the United States was not substantially justified, the United States must carry the burden of establishing substantial justification. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

"To establish substantial justification, the government need not establish that it was correct or 'justified to a high degree' . . . only that its position is one that 'a reasonable person could think it correct, that is, has a reasonable basis in law and fact.'" *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc) (quoting *Pierce v. Underwood*, 487 U.S. 552 (1988)). The substantial justification standard is satisfied if there is a "genuine dispute" of fact or law, even if the court ultimately rules against the government. *See Pierce*, 487 U.S. at 565. The determination of substantial justification is within the discretion of the district court. *Pierce v. Underwood*, 487 U.S. 552 (1988); *McDonald v. Sec'y of Health & Hum. Servs.*, 884 F.2d 1468, 1473 (1st Cir. 1989).

Pursuant to 28 U.S.C. § 2412(d)(2)(D) "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . .'" Thus, the substantial justification standard

applies not only to the underlying agency action in denying benefits, but also to the legal and factual positions advanced by the government's attorneys during the litigation.

### 2. Analysis

On August 17, 2021, Defendant filed a response indicating no opposition to Plaintiff's motion. Doc. 28. As Defendant is not contesting the issue of substantial, a fee award is warranted.

## B. Fee Amount

### 1. Legal Standard

Having determined a fee award is appropriate, the Court must consider the reasonableness of the fee request. *See* 28 U.S.C. § 2412(d)(2)(A). The Court has an "independent obligation for judicial review of the reasonableness of the amount of fees sought under the EAJA regardless of whether the request is opposed." *Douzat v. Saul*, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020), citing *Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D. Cal. 1999). "This obligation is consistent with Ninth Circuit precedent outside the EAJA context that similarly highlights the Court's duty to review the reasonableness of a fee request." *Id,* citing *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (in addressing request for fees under 42 U.S.C. § 1988, indicating that "the district court is required to independently review [a] fee request even absent . . . objections").

Under fee shifting statutes, the movant generally bears the burden of documenting hours and establishing reasonableness of the fee request. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In addition to the overall fee request, each individual billing entry is also subject to scrutiny. *Spegon v. Catholic Bishop*, 175 F.3d 544, 552 (7th Cir. 1999). Counsel is entitled to compensation for all work a reasonable and prudent lawyer would undertake to advance her client's interests. *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

EAJA hourly rates are capped at $125.00 per hour plus annual cost of living adjustments pursuant to the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and published electronically by the Ninth Circuit Court of Appeals. *See* 9th Cir. R. 39-1.6. The rate set was $207.78 per hour for 2020 and $213.74 for 2021.[1]

### 2. **Analysis**

Here, counsel seeks compensation for 18.6 hours of work between 2020 and 2021, including 11.4 hours of attorney time at the Ninth Circuit's approved rates and 7.2 hours of paralegal time at a rate of $125 per hour.

"Courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012), quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). District courts often decline to do a line by line review of the fee petition where the overall number of hours expended was reasonable. *See, e.g.*, *Allen v. Berryhill*, Case No. 17-cv-03384-SI, 2019 WL 343422 (N.D. Cal. January 28, 2019) (70.85 hours); *Thompson v. Colvin* (E.D. Cal., Apr. 17, 2015, No. 2:12-CV-01850-AC) 2015 WL 1767733, at *2 (63.4 hours); *Schneider v. Colvin* (E.D. Cal., Feb. 9, 2016, No. 1:14-CV-0034-SKO) 2016 WL 500595, at *4 (55.4 hours)).

Other courts do conduct line-by-line reviews of fee petitions and deduct time sought for non-compensable work and for certain time entry practices. *See e.g.*, *Henderson v. Comm'r of Soc. Sec.*, No. 1:20-CV-0562 JLT, 2021 WL 2457540, at *3 (E.D. Cal. June 16, 2021) (eliminating time entries for duplicative tasks); *Mallard v. Berryhill,* No. 1:17-CV-01212 - JLT, 2019 WL 2389506, at *3 (E.D. Cal. June 6, 2019) (same); *Neil v. Comm'r of Soc. Sec.*, 495 F.

---

[1] *See* United States Courts for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act, *available* at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited August 18, 2021).

App'x 845, 847 (9th Cir. 2012) (unpublished) (affirming reductions for clerical tasks, vague narratives, block billing, and use of quarter-hour billing increments).

Here, although merits briefs were never filed with the Court given the stipulation to remand, 18.6 hours is not an unreasonable amount of time for the initial case workup through the stage of administrative record review which ALJ Denney set forth in detail in support of his 20-page RFC analysis and confidential letter briefing. Nevertheless, a line-by-line review of counsel's billing records reveals that some minor reductions are warranted for purely clerical work.

Although paralegal work is often quasi-legal in nature and is not categorically excludable, purely clerical or administrative tasks are generally not compensable. Courts have excluded billing entries such as summons preparation, service of process, IFP applications, mailing preparations, and ECF downloading or uploading. *See Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir.2009) (holding that clerical tasks such as filing and organization "should have been subsumed in firm overhead rather than billed at paralegal rates") *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) (unpublished); *Hicks v. Comm'r of Soc. Sec.*, No. 217CV02480TLNKJN, 2019 WL 2537953, at *3 (E.D. Cal. June 20, 2019); *Cathey v. Comm'r of Soc. Sec.*, 2013 WL 1694950 at *8 (E.D. Cal. Apr. 18, 2013).

The following time entries are excludable as they involve purely clerical tasks including preparing service of process packets for mailing, other document preparation and PDF manipulation:

- 8/7/2020 Fed Court-service of process-prepare service packets to USAO, OGC, AG (0.6)
- 8/17/2020 Combine proof of service, send to Local Counsel (0.1)
- 2/23/2021 Combine, OCR & live bookmark federal court transcript (1321 pages) (1.3)

Accordingly, 2.0 hours of paralegal time at a rate of $125 will be deducted, resulting in an award of $3,090.78 in fees and costs.

### III.     Order

Plaintiff's motion for attorney fees (Doc. 27) is **granted in part.**  Fees and costs in an amount of $3,090.78 are awarded in favor of Plaintiff Karen Lynn Reid and against Defendant Kililo Kijakazi, Commissioner of Social Security.

Fees and costs shall be made payable to Plaintiff.  The Department of the Treasury shall determine whether Plaintiff owes a federal debt.  If she does not, then the government shall cause the payment of $3,090.78 in fees and costs to be made directly to Plaintiff's Counsel, Olinsky Law Group, pursuant to the assignment executed by Plaintiff (Doc. 27-6).[2]

IT IS SO ORDERED.

Dated:   **August 19, 2021**                     **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] *See Astrue v. Ratliff*, 560 U.S. 586, 593, 597 (2010).